[No. 9165.     Department One.     April 4, 1911.]

GEORGE C. RICHARDS, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.[1]

MUNICIPAL   CORPORATIONS—NUISANCES— ABATEMENT—DAMAGES— THREATENED ACTION. Damages cannot be recovered from a city by one who was coerced to cease the operation of charcoal kilns by notices from the health department to abate the alleged nuisance or the kilns would be destroyed; since he was under no obligation to cease operations unless his acts were a nuisance.

NUISANCE—CHARCOAL KILNS—EVIDENCE. A *prima facie* case of a nuisance is made out by evidence that charcoal kilns within the city gave out quantities of smoke and at times poisonous gases.

NUISANCE—ABATEMENT—DEFENSES. The abatement of a nuisance cannot be prevented by reason of the fact that there were similar nuisances in the vicinity.

Appeal from a judgment of the superior court for King county, Tallman, J., entered April 15, 1910, upon granting a nonsuit, dismissing an action for damages. Affirmed.

*Faben & Kelleran*, for appellant.

*Scott Calhoun* and *H. D. Hughes*, for respondent.

MOUNT, J.—The plaintiff brought this action against the defendant to recover damages, for the alleged reason that the defendant, through its health department, coerced and compelled the plaintiff to desist from operating certain charcoal kilns within the corporate limits of the city. On the trial of the case, it appeared that the plaintiff had, for more than a year prior to July 3, 1908, operated two charcoal kilns at a point near Ballard in said city. Complaints concerning the smoke therefrom were made by citizens to the health department. This department, after an investigation, notified the plaintiff that he must cease operating the kilns unless he installed condensers or retorts therein within

[1]Reported in 114 Pac. 896.

three days after July 3, 1908. A notice was then posted
upon the kilns as follows:

"DEPARTMENT OF HEALTH AND SANITATION,
"CITY OF SEATTLE.
"To whom it may concern: It is hereby ordered by the
commission of health, acting under authority of the charter
and ordinances of the city of Seattle, that all persons occupy-
ing the within premises shall vacate the same on or before
the — day of ————, 19—. Immediately after said date,
or at such time as may be fixed by the commissioner of health,
this building, unless put in sanitary condition, will be de-
stroyed or removed from the premises, for the reason that it
is unsanitary and unfit for human habitation. Any person
attempting to occupy this building on or after the above
mentioned date will do so at his or her peril. Any person
who shall remove or deface this notice will be arrested and
punished according to law.
   "Dated at Seattle, Washington, this — day of ————,
19——.
   "By ————, Sanitary Inspector,
                "J. E. Crichton, M. D.,
                      "Commissioner of Health."

The plaintiff thereupon ceased to use the kilns, and after-
wards brought this action for damages. At the close of
the plaintiff's evidence, the trial court granted defendant's
motion for nonsuit and dismissed the action. The plaintiff
has appealed.

It was not shown nor claimed, as we read the record, that
the kilns were destroyed, or that the city officers did any-
thing more than notify the plaintiff that the kiln burners
were unsanitary, and that unless they were put in a sanitary
condition they would be destroyed. The plaintiff thereupon
ceased to use the burners. There can be no doubt of the
right of the city to declare a nuisance and to abate the same.
Rem. & Bal. Code, § 7507, subds. 22, 30, and 31. The
action of the officers of the health department, in notifying
the plaintiff and posting the notice upon the kilns in ques-
tion, was no doubt intended as a step toward abating what
the officers declared to be a nuisance. If the kilns were not

offensive and were not a nuisance, the notices were of no effect. The plaintiff was under no obligation to cease operating the kilns, because the right of the city or its officers to destroy the kilns depended on the fact whether they were offensive to the senses or deleterious to the public health. If the kilns were not such, then the city would have no right to interfere, and the plaintiff might stand upon his right and proceed with the use of the property without liability. On the other hand, if the kilns were in fact a nuisance, then there would be no liability against the city in abating them. The evidence on the part of the plaintiff plainly shows that the kilns were located within the city and gave off quantities of smoke and at times poisonous gases. This of itself made a *prima facie* case in favor of the city. The fact that there were other nuisances or mills located in the same vicinity, which gave off the same gases and more smoke, did not prevent the city from proceeding to abate this particular nuisance.

The judgment is therefore affirmed.

DUNBAR, C. J., PARKER, and GOSE, JJ., concur.